UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERICA MENDOZA,

      Plaintiff,

v.                                                                    Case No:  2:16-cv-466-FtM-38CM

SANDRA THIBAUDEAU,

      Defendants.

                              /

**ORDER[1]**

This matter comes before the Court on review of subject matter jurisdiction.  On June 14, 2016, Defendant Sandra Thibaudeau ("Thibaudeau") filed a Notice of Removal (Doc. #1).  Plaintiff Erica Mendoza ("Mendoza") filed a Motion to Remand on June 23, 2016 (Doc. #12).  On June 24, 2016, this Court entered an Order to Show Cause as to why this case should not be remanded for failure to establish subject matter jurisdiction based on diversity of citizenship between the parties (Doc. #13).  On July 7, 2016, Thibaudeau filed a Response to the Court's Order to Show Cause (Doc. #15).  Thereafter, with the Court's Leave, Mendoza filed a Reply to Thibaudeau's Response to the Order to Show Cause (Doc. #18).  The Court will consider all motions together in deciding subject matter jurisdiction.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

Mendoza commenced this action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, on February 4, 2016, because of an automobile accident that caused her alleged injuries. (Doc. #2 at ¶¶ 3-6). Mendoza's alleged injuries include "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." (Doc. #1 at ¶10; Doc. #2 at ¶ 7, Doc. #15-1 at ¶ 1, 7). Thibaudeau does not allege a specific amount of damages in her Notice of Removal (Doc. #1), but values her claim at the combined amount of Mendoza's $150,000.00 settlement proposal and the $41,534.42 she incurred in medical expenses. (Doc. #1 at ¶¶ 11-13).

Thibaudeau removed this action to this Court on June 14, 2016. (Doc. #1). As her basis for removal, Defendant cites diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. #1 at 1). Defendant alleges that she is a Canadian citizen, while Plaintiff is a Florida citizen, and that the amount in controversy exceeds $75,000. (Doc. #1 at ¶¶ 2-3). Plaintiff seeks to remand this action back to Florida state court, averring that Defendant failed to meet her burden of illustrating that the amount in controversy exceeds $75,000. (Doc. #12 at 2-5). Nonetheless, the parties agree that there is diversity of citizenship between the parties. (Doc. #1 at ¶¶ 2-7; Doc. #12 at 3; Doc. #15 at 3-5; Doc. #18 at 2).

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. *See Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted).  A federal court must "review the propriety of removal on the basis of the removing documents."  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).  A defendant may remove a civil case from state court provided the case could have been brought in federal court.  *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship among the parties.  *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal.  *See Moreland v. SunTrust Bank*, No. 2:13-cv-242, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)); *Sammie Bonner Constri. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2013).  "The defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction."  *Burns v. Windsor Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).  Removal jurisdiction raises significant federalism concerns, and thus courts strictly construe removal statutes.  *Id.* at 1095.  Any doubt as to the presence of jurisdiction should be resolved in favor of remand.  *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2011).  "The Court cannot speculate based on the evidence[.]" *Jenkins v. Myers*, No.: 8:16-cv-00344-EAK-EAJ, 2016 WL 4059249, at *3 (M.D. Fla. July 27, 2016) (citing *Burns*, 31 F.3d at 1094).  With these principles in mind, the Court must

evaluate the propriety of the removal here.  For the reasons that follow, the Court will grant Mendoza's Motion to Remand (Doc. #12).

## DISCUSSION

The Court finds that subject matter jurisdiction does not exist here.  Although the parties are diverse—Mendoza is domiciled in Florida and Thibaudeau is a domiciliary of Canada—the amount in controversy prong remains unsatisfied.  Thibaudeau, as the removing party, "has failed to prove by a preponderance of the evidence that the amount in controversy is at least $75,000."  *Jenkins*, 2016 WL 4059248 at *3.  Consequently, this action must be remanded back to Florida state court.  *Id.*

### A.  DIVERSITY IN CITIZENSHIP PRONG

The parties concede that diversity in citizenship exists here.  (Doc. #1 at ¶¶ 2-7; Doc. #12 at 3; Doc. #15 at 3-5; Doc. #18 at 2).  The Court agrees.

"Diversity jurisdiction exists over a controversy between citizens of different states."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citing 28 U.S.C. § 1332(a)).  An individual is a citizen where he is domiciled, not necessarily where he is a resident.  *Id.*  "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]"  *Id.* (citations omitted).

Turning to this action, Thibaudeau submits that Mendoza is a citizen of Florida because of Mendoza's physical presence in the state.  (Doc. #1 at ¶2, Doc. #15 at 4).  For example, Mendoza not only resides and holds employment in Lee County, Florida, but she holds a Florida driver's and hunting license.  (Doc. #15 at 4).  Additionally, Mendoza's vehicle is registered in Florida, she holds a cellular telephone with a Florida area code,

and she received her medical treatment in Florida.  (*Id.*).  The Court finds that these facts illustrate that Mendoza is domiciled in Florida.   Further, the parties concede that Thibaudeau is a Canadian citizen.  (Doc. #12 at 3; Doc. #15 at 5; Doc. #18 at 2).  Although Thibaudeau vacations in Florida, she maintains a residence in Mont-Tremblant, Canada.  (Doc. #1 at 3).  Additionally, Thibaudeau holds a Canadian driver's license, pays taxes and votes in Canada, and has a vehicle registered in Canada, upon which she maintains Canadian automobile insurance.  Looking at these facts, the Court finds that Thibaudeau is domiciled in Canada.  (Doc. #1 at ¶ 7, Doc. #15 at 5).  Because the parties are diverse in citizenship, the Court finds that the diversity of citizenship prong is satisfied.

### B.  AMOUNT IN CONTROVERSY PRONG

Thibaudeau argues that Mendoza's $150,000.00 proposal for settlement, in addition to the $41,534.42 Mendoza incurred in medical expenses, illustrates to the Court that the amount in controversy prong is satisfied.  (Doc. #15 at 3).  Mendoza asserts that her settlement proposal and medical expenses are insufficient for Thibaudeau to satisfy the amount in controversy prong.  (Doc. #18 at 3).  The Court agrees.

Diversity jurisdiction requires the amount in controversy to exceed $75,000, "exclusive of interests and costs[.]"  28 U.S.C. § 1332(a).  Although a settlement offer, by itself, is not determinative as to amount in controversy, it "counts for something."  *Burns v. Windsor Insur. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

Turning to this action, Thibaudeau relies on Mendoza's Proposal for Settlement in the amount of $150,000.00 filed on May 11, 2016 in state court.  The Proposal for Settlement merely states that, "[t]his proposal resolves all damages that would otherwise be awarded in a final judgment in this action."  (Doc. #15-2 at ¶ 5).  Without an objective

showing of damages on the face of the Proposal for Settlement (Doc. #15-2), this Court

cannot speculate as to its reliable indication of the amount in controversy. See *Lowery*,

483 F.3d at 1215 (citation omitted). Additionally, while Thibaudeau submits that Mendoza

incurred $41,534.42 in medical expenses, the Court finds that Mendoza's medical

expenses alone do not satisfy the amount in controversy requirement. (*Id.*). Furthermore,

the Court finds that the Complaint offers no indication of the amount in controversy. (Doc.

#15-1). In fact, the Complaint alleges that Mendoza's damages exceed $15,000.00,

which is insufficient in itself to establish subject matter jurisdiction. (*Id.* at ¶ 1). Further,

Mendoza makes a general statement of her alleged injuries in the Complaint; however,

the Court finds that a general statement of physical injuries is insufficient for Thibaudeau

to establish subject matter jurisdiction. See *Jennings v. Powermatic*, No. 3:13-cv-921-J-

32JBT, 2013 WL 6017313, at *2 (M.D. Fla. Nov. 13, 2013) (citations omitted). Therefore,

the Court finds that Thibaudeau has not shown "by a preponderance of the evidence" that

subject matter jurisdiction exists here. *Burns*, 31 F.3d at 1094.

Finally, Thibaudeau requests an opportunity to conduct jurisdictional discovery if

the Court does not find sufficient evidence that subject matter jurisdiction exists. (Doc.

#1 at ¶ 16; Doc. #15 at 6). It is the discretion of the court to permit a party to conduct

jurisdictional discovery for purposes of subject matter jurisdiction. See *Dussault v.

Knickerbocker Properties, Inc.*, No. 2:15-cv-718-FtM-99MRM, 2015 WL 9269878, at *2

(M.D. Fla. Dec. 21, 2015) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th

Cir. 1982)). Notably, the Eleventh Circuit Court of Appeals disfavors such jurisdictional

discovery. See *Eastman v. Morgan Stanley Smith Barney, LLC*, No. 2:13-cv-357-FtM-

38UAM, 2013 WL 5555818, at *5 (M.D. Fla. Oct. 8, 2013) (citing *Lowery*, 483 F.3d at

1217-18).   Because there has been a web of briefing on the issue of subject matter jurisdiction in this case, the Court denies Thibaudeau's request to conduct additional discovery.

### C.  ATTORNEY'S FEES AND COSTS

Mendoza requests an award of attorney's fees and costs in the amount of $2,400, which is comprised of six hours of her counsel's time at the rate of $400 per hour.  (Doc. #18 at 7).  Nevertheless, Mendoza does not articulate a legal basis for such fees or costs. (*Id.*).

"Pursuant to 28 U.S.C. § 1447(c), a court may award attorney's fees to a non-removing party 'only where the removing party lacked an objectively reasonable basis for seeking removal.'"  *J.P. v. Connell*, 93 F. Supp. 3d 1298, 1303 (M.D. Fla. 2015) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).   Therefore, "'when an objectively reasonable basis exists, fees should be denied.'"  *Id.* (citations omitted).  The removal statute "'only authorize[s] an award of costs and fees when such an award [is] just.'"  *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (citing *Martin*, 546 U.S. at 709-10).  "A district court has discretion in determining whether a case has unusual circumstances that warrant a departure from the general rule." *Id.* (citation omitted).  Turning to this case, the Court finds that Thibaudeau's removal was objectively reasonable without "unusual circumstances to find otherwise."  *Id.* at 1303-4.  Therefore, the Court denies Mendoza's request for attorney's fees and costs.

By failing to illustrate that the amount in controversy exceeds $75,000, Thibaudeau failed to meet her burden of proving that removal of this action was proper. Therefore, the Court finds this action must be remanded to the Florida state court.[2]

Accordingly, it is now

**ORDERED**:

1. Plaintiff Erica Mendoza's Motion to Remand (Doc. #12) is **GRANTED**.

2. The Clerk is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. Plaintiff Erica Mendoza's request for attorney's fees and costs is **DENIED**.

4. The Clerk is further directed to terminate all pending motions, deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this 18th day of October, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] Mendoza argues that Thibaudeau waived her right to remove after Thibaudeau responded to Mendoza's motion to strike and attended the motion hearing on May 5, 2016. Although the Court grants Mendoza's Motion to Remand, the Court finds that Thibaudeau did not waive her right to remove because she did not "tak[e] some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal[.]" *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1246 (11th Cir. 2004) (citing 28 U.S.C. § 1447(c)). Here, Mendoza filed the motion to strike, not Thibaudeau. Additionally, Thibaudeau's defense in the motion hearing, by itself, does not evidence Thibaudeau's willingness to litigate in state court.